Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Thursday, April 12, 2007 11:16:41 AM

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHELLE DENISE JOHNSTON, | ) | Case No 05-6288 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| ──────────────────────── | ) | |
| | ) | |
| MICHELLE DENISE JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 06-180 |
| | ) | |
| VALLEY CREDIT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ──────────────────────── | ) | |

## MEMORANDUM OPINION

Michelle Denise Johnston (the "Debtor") filed this adversary proceeding against Valley Credit Services, Inc. ("Valley Credit"), to recover damages for Valley Credit's alleged violations of the automatic stay, discharge injunction, and for ancillary claims under the West Virginia Consumer Credit and Protection Act. With respect to the Debtor's State law claims, the Debtor alleges that Valley Credit violated W. Va. Code §§ 46A-2-124(f) by attempting to collect a debt that had been prohibited by the entry of the Bankruptcy Code's discharge injunction, 46A-2-127(d) by representing that Valley Credit had a claim against the Debtor after the debt had been discharged, and 46A-2-128(e) in that Valley Credit was aware that the Debtor was represented by an attorney but nonetheless contacted the Debtor directly in an attempt to collect a debt.

Valley Credit seeks entry of partial summary judgment on the Debtor's ancillary State law claims on the basis that those claims are preempted by the remedies provided in the Bankruptcy Code. Subsequent to the filing of that motion, the court, in a companion case, *Johnston v. Telecheck Services, Inc.*, Case No. 06-178, 2007 Bankr. LEXIS 687 (Bankr. N.D.W. Va. March 2, 2007), held that 11 U.S.C. §§ 362(k) and 524(a) preempted W. Va. Code §§ 46A-2-124(c)[1] and 46A-2-127(d). That ruling is equally applicable in this case. Accordingly, the only issue left to be decided on Valley Credit's motion for partial summary judgment is whether the Bankruptcy Code similarly preempts the Debtor's State law cause of action under § 46A-2-128(e) for improper contacts with a debtor that is represented by an attorney. For the reasons stated herein, the court finds that the Debtor's claim under W. Va. Code § 46A-2-128(e) is not preempted by the Bankruptcy Code, but that the court is without subject matter jurisdiction to adjudicate the dispute.

## I. STANDARD OF REVIEW

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment, but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

---

[1] Although *Johnston v. Telecheck Services, Inc.*, considered whether W. Va. Code § 46A-2-124(c) was preempted by the Bankruptcy Code, the courts reasoning in that opinion equally applies to the Debtor's alleged violation of § 46A-2-124(f).

-2-

trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A fact is not "genuinely disputed" unless the factual conflict between the parties requires a trial of the case for resolution. *Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996) ("If there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact, this Court will find summary judgment is improper.").

## II. BACKGROUND

As alleged by the Debtor, Valley Credit received notice of her bankruptcy filing on October 17, 2005, and received notice of her Chapter 7 bankruptcy discharge on January 25, 2006. These notices made Valley Credit aware that the Debtor was represented by an attorney. Notwithstanding these notices, Valley Credit continued its attempts to collect a discharged, pre-petition debt. More specifically, Valley Credit sent a collection letter to the Debtor on July 19, 2006 demanding payment of $295.54.

The Debtor further alleges that she is a consumer and that Valley Credit is a debt collector subject to regulation by the West Virginia Consumer Credit and Protection Act.

## III. DISCUSSION

With respect to the Debtor's claim that Valley Credit impermissibly contacted her when she was represented by an attorney in violation of W. Va. Code § 46A-2-128(e), Valleycredit argues that the claim is preempted by the remedies provided in the Bankruptcy Code on the following basis:

> [T]he contact would not be a violation, but for the bankruptcy petition. Specifically, Johnston's counsel was retained to file a bankruptcy petition, and presumably was not hired to be her general counsel in all matters. . . . But for the bankruptcy retention, there could not even by an allegation of a violation of the VWCCPA in this regard.

(Memo. Support of S.J. at 16).

The Debtor argues that federal bankruptcy law does not preempt consumer protection laws requiring communications with a represented debtor's counsel on the basis that state law presents no obstacle to the full enjoyment of a creditor's federal rights. The court agrees, but finds that it lacks jurisdiction to remedy the alleged violation.

**A.     Preemption**

– 3 –

The commonly stated standards for determining whether a state law, which is not a bankruptcy law, is preempted by the Bankruptcy Code is to ascertain: (1) whether the state law is expressly preempted by Congress; (2) whether Congress intended to occupy the entire field so as to preempt state laws that might be applicable in that area; (3) whether the state law conflicts with the federal statutes such that the state law cannot be given effect; or (4) whether the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. *E.g.*, *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 372-73 (2000) ("[T]he categories of preemption are not 'rigidly distinct.' . . . [T]he entire scheme of the statute must of course be considered . . . ."); *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941) ("Our primary function is to determine whether, under the circumstances of this particular case, [a state's] law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."); Susan Raeker-Jordan, *The Pre-Emption Presumption that Never Was: Pre-Emption Doctrine Swallows the Rule*, 40 Ariz. L. Rev. 1379, 1396 (Winter 1998) (stating that even though the test for preemption is stated in various ways, the "'obstruction of purposes' is still the touchstone . . . to the pre-emption question.").

The applicable State statute in this case provides:

**Unfair or unconscionable means.**

No debt collector shall use unfair or unconscionable means to collect or attempt to collect any claim. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:

. . .

(e) Any communication with a consumer whenever it appears that the consumer is represented by an attorney and the attorney's name and address are known, or could be easily ascertained, unless the attorney fails to answer correspondence, return phone calls or discuss the obligation in question or unless the attorney consents to direct communication.

§ 46A-2-128(e).

By comparison, the Bankruptcy Code provides:

(a) . . . [A bankruptcy] petition . . . operates as a stay, applicable to all entities, of–

. . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

– 4 –

> . . . .
>
> (k) . . . [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(a)(6), (k).

> (a) A discharge in a case under this title–
>
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; . . . .

§ 524(a)(2).

Reviewing the four preemption inquiries in relation to a debtor's state law claim that a creditor improperly contacted him post-petition at a time when the debtor was represented by an attorney, the Court of Appeals for the Eighth Circuit in *Sears, Roebuck & Co. v. O'Brien*, 178 F.3d 962, 966-67 (8th Cir. 1999), determined that the applicable state law was not preempted by the remedies provided in the Bankruptcy Code. The Eighth Circuit concluded that: (1) Congress did not express an intention to preempt laws like the state statute; (2) Congress had not regulated the relationship between private lawyers and clients, which was an area of local concern; (3) it was possible to comply with both federal and state law; and (4) no reason existed to believe that the creditor would be impeded in its pursuit of federal bankruptcy rights if its was required to deal with the debtor's lawyer as required by applicable state law. *Id.* In short, no preemption applied "because the state law presents no obstacle to the full enjoyment of [the creditor's] federal rights.[2] *Id.* at 967. *Accord*, *Sturm v. Providian Nat'l Bank*, 242 B.R. 599, 602 (S.D.W. Va.

---

[2] Valley Credit attached to its motion for partial summary judgment an unpublished memorandum issued in this district in the case of *Sears, Roebuck & Co. v. Mull (In re Mull)*, No. 96-3019 (Bankr. N.D.W. Va. July 30, 1996), which concluded that "Congress has preempted state action with regard to reaffirmations by virtue of § 362(a)(6) and 524(a)(2) and that communications between the creditor and debtor are governed by these federal laws and the Debtor is not entitled to utilize the state law remedies of W. Va. Code § 46A-2-128(e)." A reaffirmation agreement is not at issue in this

– 5 –

1999) (same).

Similarly, when faced with a Fair Debt Collection Practices Claim under 15 U.S.C. § 1692c(a)(2), that a debt collector improperly contacted a debtor when that debtor was represented by an attorney, the District Court for the Northen District of Illinois, in *Alexander v. Unlimited Progress, Corp.*, No. 02-C-2063, 2003 U.S. Dist. LEXIS 5560 (N.D. Ill. March 24, 2003), determined that no bankruptcy "preemption" issues were applicable. The court reasoned that a violation of § 1692c(a)(2) was independent of any alleged violation of the Bankruptcy Code, and that the claim was not derivative of the causes of action provided by §§ 362 and 524 of the Bankruptcy Code. *Id.* at *23. As stated by the court, the § 1692c(a)(2) claim "does no violence to the Bankruptcy Code's central objective of consolidating and evaluating all competing claims to a debtor's personal property . . . . Nor [does it] permit [the debtor] to 'bypass the procedural safeguards in the (Bankruptcy) Code.' " *Id.* at 23-24 (citation omitted). In short, "[u]nlike the case with a violation of the automatic stay or discharge injunction, the bankruptcy code provide no special remedy for inappropriate contacts with a represented debtor." *Id.* at *24. Likewise, when the Seventh Circuit Court of Appeals reviewed the decision, it noted that "[s]ending [a] letter to the debtor rather than to counsel does not independently violate the Bankruptcy Code . . . ." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (remanding the case in pertinent part, stating that, "on the theory that the debt collectors . . . knew that [the debtor] had counsel, again the FDCPA may be enforced, and further proceedings are required to explore the question [of] whether the debt collectors themselves (as opposed to the creditors) knew that the debtors were represented by attorneys.").

Valley Credit's attempt to somehow link its post-petition contact with the Debtor, at a time when she was represented by an attorney, to the imbrication of the rights and remedies provided in the Bankruptcy Code is too strained an argument for the application of preemption. Valley Credit asks that this court deem the mere fact that the Debtor filed bankruptcy with counsel a sufficient basis for applying preemption because "but for the bankruptcy, there could not even be an allegation of a violation of the WVCCPA." While that may be true, a debtor's right to be free from a debt collector's contacts based

---

case and to the extent that *Mull* may be inconsistent with the court's opinion in this case, *Mull* will not be followed.

-6-

solely on the fact that a debtor is represented by an attorney exists independently of the Bankruptcy Code. Because neither the automatic stay nor the discharge injunction attempt to regulate *how* such contact is made – but only whether an attempt to collect a pre-petition debt was made – a violation of W. Va. Code § 46A-2-128(e) does not overlap with any Bankruptcy Code remedy. A violation of § 46A-2-128(e) is an independent remedy based on a separate wrong.

Consequently, as it applies to this case, Valley Credit's allegedly improper contact with the Debtor based on a State law that regulates how such contact is to be made when the debtor is represented by an attorney is not an area subject to preemption by the Bankruptcy Code because: (1) it is not an area regulated by Congress in the Bankruptcy Code; (2) it is possible to comply with both the Bankruptcy Code and § 46A-2-128(e) in that the Bankruptcy Code's focus is on whether a creditor has attempted to collect on a pre-petition debt while the focus of the State law is on the method by which a debt collector may make contact with a represented party, (3) § 46A-2-128(e) does not attempt to affect bankruptcy related rights and remedies, and (4) nothing about the application of § 46A-2-128(e) in this case impedes Valley Credit federal bankruptcy rights.

**B.     Jurisdiction**

Having concluded that the Debtor's cause of action under § 46A-2-128(e) is not preempted by the Bankruptcy Code based, in part, on the fact that it is an independent wrong that occured post-petition, the Court must examine its own subject matter jurisdiction to adjudicate the cause of action.

**1.     28 U.S.C. §§ 157, 1334**

The district courts have original and exclusive jurisdiction of all cases under title 11 and original, but non-exclusive jurisdiction of all civil proceedings arising under, arising in, or related to a case under title 11. 28 U.S.C. § 1334. The district courts may refer § 1334's jurisdictional grant to the bankruptcy courts. 28 U.S.C. § 157(a). Controversies arise *in* title 11 when they "have no existence outside of the bankruptcy." *United States Trustee v. Gryphon at the Stone Mansion, Inc.*, 166 F.3d 552, 555 (3rd Cir. 1999). Claims arise *under* title 11 if the claims "clearly invoke substantive rights created by bankruptcy law." *Glinka v. Federal Plastics Mfg., Ltd. (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 70 (2nd Cir. 2002). A proceeding is *related to* a bankruptcy case when *"the outcome of that proceeding could conceivably have any effect on the estate. . . . [and] could alter the debtor's rights,*

liabilities, options, or freedom of action (either positively or negatively). . . ." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (emphasis in original). *See also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995) ("[W]hatever ["related to"] test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor."); *New Horizon of N.Y. LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) ("This court has adopted the Pacor related to test . . . .").

Accordingly, for a bankruptcy court to have jurisdiction over a cause of action, a case or controversy must exist that arises under, arises in, or is related to a case under title 11. Where a dispute concerns non-debtor parties, does not involve property of the estate, does not affect administration of the estate, or where the dispute will not affect payments to creditors under a confirmed plan, the bankruptcy court will generally not have jurisdiction under § 1334. *E.g.*, *Zerand-Bernal Group v. Cox*, 23 F.3d 159, 162-63 (7th Cir. 1994) (holding that bankruptcy court jurisdiction did not exist over a product liability suit arising out of a bankruptcy sale when the debtor no longer existed, all its assets were transferred, the dispute concerned non-debtor parties, and the cause of action arose after the bankruptcy).

The Debtor's cause of action arising under W. Va. Code § 46A-2-128(e) is not one that "arises in" or "arises under" title 11 because a debtor's right to be free from a debt collector's contacts when the debtor is represented by an attorney exists independently of the Bankruptcy Code, and the Bankruptcy Code does not attempt to regulate how that contact is to be made, when and if such contact is appropriate. Likewise, Debtor's cause of action under § 46A-2-128(e) is not "related to" the Debtor's bankruptcy case because whether the Debtor wins of loses, there will be no affect on the bankruptcy estate. *E.g.*, *Buckingham v. Baptist Mem'l Hospital-Golden Triangle*, 283 B.R. 691 (N.D. Miss. 2002) (denying a motion to transfer a case to the bankruptcy court when the debtor sued the creditor asserting causes of action under RICO, the Fair Debt Collection Practices Act, and various state laws because the bankruptcy estate would be totally unaffected by the outcome of the litigation); *Csondor v. Weinstein, Treiger & Riley, P.S. (In re Csondor)*, 309 B.R. 124 (Bankr. E.D. Pa. 2004) (holding that the debtor's state law claims arising out of the creditor's post-discharge collection activities did not relate to the bankruptcy case because the claims arose after the bankruptcy was filed, and they would not have impacted the bankruptcy estate because any recovery under the claims would have belonged to the debtor and not the estate); *Steele*

*v. Ocwen Federal Federal Bank (In re Steele)*, 258 B.R. 319, 321 (Bankr. D.N.H. 2001) ("[T]he FDCPA and state law claims do not fall within the Court's 'related to jurisdiction.' Any recovery on the part of the Debtor would be his alone and would not inure to the benefit of the bankruptcy estate.") (citations omitted); *In re Goldstein*, 201 B.R. 1, 4-5 (Bankr. D. Me. 1996) (holding that the bankruptcy court did not have jurisdiction over the debtor's Fair Debt Collection Practices Act claims because those claims were neither created nor determined by Bankruptcy Code provisions, they were not based upon rights that could not be pursued outside of the bankruptcy context, and the complained of activities dealt with post-petition conduct: "Win, lose or draw, the outcome of Goldstein's FDCPA and tort claims cannot 'conceivably have any effect on the estate being administered in bankruptcy.' ") (citation omitted); Ralph Brubaker, *On the Nature of Federal Bankruptcy Jurisdiction: A General Statutory and Constitutional Theory*, 41 Wm. & Mary L. Rev. 743, 910-11 (March 2000) (arguing for the revocation of the *Pacor* "related to" jurisdictional test and stating that, under *Pacor*, when "the debtor's action is a third-party state-law dispute to which the bankruptcy estate is not a party . . . . [s]uch an action [is] brought solely for the benefit of an individual debtor [and] can have no effect on the bankruptcy estate and, therefore, is not 'related to' the debtor's bankruptcy case in a Pacor sense.").

Therefore, the court concludes that the jurisdictional grant in 28 U.S.C. § 1334, as referred to the bankruptcy courts pursuant to § 157(a), as interpreted by the Third Circuit in its "conceivable effects" test first articulated in *Pacor*, which has been adopted by the Court of Appeals for the Fourth Circuit, does not provide a basis for the court's exercise of jurisdiction over the Debtor's State law cause of action under W. Va. Code § 46A-2-124(e) because win, lose, or draw, the bankruptcy estate will be wholly unaffected by the outcome of the litigation.

### 2. 28 U.S.C. § 1367

Because the Debtor's claim under W. Va. Code § 46A-2-128(e) is not one that arises under, arises in, or that is related to a case under title 11 under the existing jurisprudence, the sole issue is whether the court may exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367(a) to the extent that the Debtor's State law claim is so related to the Debtor's claims for violation of the automatic stay and discharge injunction – which are both "core" proceedings "arising under" the Bankruptcy Code

– 9 –

– that the State law claim forms part of the same case or controversy under Article III of the Constitution.[3] Even assuming, however that an exercise of supplemental jurisdiction would be proper under the terms of § 1367, Congress has not extended § 1367's jurisdictional grant to the bankruptcy courts. The court reaches this conclusion for five reasons.

First, by its express terms, § 1367(a) provides that "the district court shall have supplemental jurisdiction." No similar grant of authority exists in the statute conferring supplemental jurisdiction on bankruptcy courts. The jurisdictional basis for the bankruptcy court is set forth in § 1334. Moreover, pursuant to § 157(a), the district court may refer to the bankruptcy court all cases "under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." This language plainly refers to the grant of federal jurisdiction over bankruptcy cases in § 1334, and does not include any reference to Congress's grant of supplemental jurisdiction to the district courts. *E.g.*, *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995) ("Section 157 does not give bankruptcy courts power beyond that granted in 28 U.S.C. § 1334 . . . ."). Indeed, the Order of Reference entered in this District on August 24, 1984, states that all such cases falling under the umbrella of § 157(a) are referred to the bankruptcy court and that Order of Reference does not mention any grant of supplemental jurisdiction. Accordingly, any finding that the bankruptcy court enjoys the same grant of supplemental jurisdiction as the district court must have some other basis than the plain language of the statute. *See, e.g.*, *Premium of Am., LLC v. Sanchez (In re Premium Escrow Servs.)*, 342 B.R. 390, 404 (Bankr. D.D.C. 2006) ("Plainly, claims that can be heard only pursuant to § 1367 fo not fall into [the categories of claims transferred by the district court pursuant to § 157]."); *Adams v. Prudential Sec. (In re Foundation for*

---

[3] The statue provides:

> Except . . . as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

*New Era Philanthropy)*, 201 B.R. 382, 398 (Bankr. E.D. Pa. 1996) ("By its express terms . . . section 1367 is applicable only to the district court; it makes no reference to the bankruptcy court (nor does the legislative history surrounding its enactment)."); *see also Walker*, 51 F.3d at 570 ("[W]e find that a bankruptcy court does not have supplemental jurisdiction [under § 1367].").

Second, should a bankruptcy court exercise supplemental jurisdiction under § 1367, which would include all claims having some logical relationship to the bankruptcy proceeding, then the "related to" grant of jurisdiction in § 1334(b) would be rendered superfluous. *E.g.*, *In re Alpha Steel Co.*, 142 B.R. 465, 471 (M.D. Ala. 1992) ("[T]he 'relate to' and 'arising in' jurisdictional components of § 1334(b) already allow bankruptcy courts to hear, to the extent Congress intended, all supplementary claims that have a logical relationship to an underlying bankruptcy proceeding."). In essence, an exercise of a court's supplemental jurisdiction under § 1367 would include all, or almost all, instances to which § 1334(b)'s "related to" jurisdiction would already apply. Such a result is contrary to the well-established rules of statutory construction that statutes should be read in harmony, and that all words of a statute should be given effect. *E.g.*, *Mkt. Co. v. Hoffman*, 101 U.S. 112, 116 (1879) (" '[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' ") (citation omitted); *Shumate v. Patterson*, 943 F.2d 362, 365 (4th Cir. 1991) ("[W]henever possible, statutes should be read in harmony . . . ."), *aff'd*, 504 U.S. 753 (1992).

Moreover, assuming that § 1334(b)'s "related to" jurisdictional grant is itself a grant of supplemental jurisdiction to the bankruptcy court, instead of a specific jurisdictional grant under the *Pacor* standard, then by its terms, § 1367 would not be an available source for exercising jurisdiction. Section 1367(a) expressly states that "[e]xcept . . . as expressly provided otherwise by federal statute . . . the district court shall have supplemental jurisdiction. . . ." 28 U.S.C. § 1367(a). If § 1334(b)'s "related to" jurisdiction is a grant of supplemental jurisdiction, then the exception to § 1367's grant of supplemental jurisdiction is applicable. *E.g.*, Susan Block-Lieb, *The Case Against Supplemental Bankruptcy Jurisdiction, A Constitutional, Statutory, and Policy Analysis*, 62 Fordham L. Rev. 721, 800-803 (Feb. 1994) ("If [the] characterization [of § 1334(b) as a grant of supplemental jurisdiction] is accurate, then § 1334(b) . . . contains an express grant of supplemental jurisdiction which is narrower than that of § 1367. Thus, § 1334(b) can also be viewed as a federal statute which 'provides otherwise' than, and thus

-11-

overrides, the broad general grant found in § 1367.").

Third, the United States Supreme Court has admonished that federal courts, and their jurisdiction, are created by written law. *Findley v. United States*, 490 U.S. 545, 547 (1989). Before a federal court can exercise jurisdiction over a matter, two things are necessary: (1) " '[t]he constitution must have given the court the capacity to take it' "; and (2) " 'an act of Congress must have supplied it . . . . To the extent that such action is not taken, the power lies dormant.' " *Id.* at 548 (citation and emphasis omitted). A federal court should not read a jurisdictional statute broadly and should not assume that the full Constitutional reach of federal court jurisdiction has been exercised by Congress. *Id.* at 549. Reading 28 U.S.C. §§ 157, 1334, and the District Court's Order of Reference to include a grant of jurisdiction under § 1367 when no such express statutory grant is present is contrary to the Supreme Court's admonishment on how a court is to interpret a jurisdictional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction . . . .").

Fourth, while the court realizes that efficiency and convenience to the parties results should the court be able to exercise supplemental jurisdiction, and that it may be onerous to litigate claims with a similar factual background in different courts, the United States Supreme Court has already addressed such concerns. *See, e.g.*, *Finley*, 490 U.S. at 555-56 ("[O]ur holding that parties to related claims cannot necessarily be sued [in federal district court based on pendant party jurisdiction] means that the efficiency and convenience of a consolidated action will sometimes have to be forgone in favor of separate actions in state and federal courts."); *Pacor*, 743 F.2d at 994 ("Judicial economy itself does not justify federal jurisdiction."); *Gates v. Didonato (In re Gates)*, No. 04-1240, 2004 Bankr. LEXIS 2303 at * 9-10 (Bankr. E.D. Va. Oct. 20, 2004) ("[B]ankruptcy courts may not exercise supplemental jurisdiction. . . . Accordingly, notwithstanding the obvious judicial economy that would result from this court exercising jurisdiction over the Fair Debt Collection Practices Act claims, the court reluctantly concludes that it is without power to do so."). In short, convenience does not confer subject matter jurisdiction.

Fifth, firm policy reasons also justify the court's conclusion that bankruptcy courts do not enjoy the same § 1367 supplemental jurisdiction power as the district courts. Foremost is that the aim of the

-12-

Bankruptcy Code is "in the main, to secure equal distribution among creditors." *Howard Delivery Serv. v. Zurich Am. Ins. Co.*, 126 S. Ct. 2105, 2109 (2006). The aim of the Bankruptcy Code is not to adjudicate disputes not created by the Bankruptcy Code that have no effect on the bankruptcy estate. The very basis for the Supreme Court's decision in *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 63-76 (1982), which gave rise to the jurisdictional fix in the 1984 Bankruptcy Amendments and Federal Judgeship Act, was that a bankruptcy court, as an Article I Congressional creation, could not exercise the essential attributes of an Article III court. Thus, where appropriate, a bankruptcy court should conservatively exercise jurisdiction in recognition of its limited Article I status, and should not venture into the unwarranted exercise of the essential attributes of Article III judicial power. Moreover, because neither the Fourth Circuit nor the United States Supreme Court has made a determination of whether or not the bankruptcy courts enjoy supplemental jurisdiction under 28 U.S.C. § 1367, the fairest course of action for the litigants is to take a conservative approach to defining bankruptcy court jurisdiction. Should the bankruptcy court exercise supplemental jurisdiction and be wrong, then any judgment rendered on the cause of action may be subject to avoidance under Fed. R. Civ. P. 60(b)(4); Fed. R. Bankr. P. 9024. *See, e.g.*, *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005) ("An order is 'void' for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction . . . .").

Of course, contrary authority exists holding that a bankruptcy court can exercise supplemental jurisdiction. For example, the Court of Appeals for the Ninth Circuit, in *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 867-68 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 2890 (2006), held that a bankruptcy court had " 'jurisdiction to enter a monetary judgment on a disputed state law claim in the course of making a determination that a debt is nondischargeable.' " In discussing the jurisdictional power of the bankruptcy court, the Ninth Circuit stated:

> A bankruptcy court's "related to" jurisdiction is very broad, "including nearly every matter directly or indirectly related to the bankruptcy. . . . Congress expanded the Bankruptcy Court's Article I jurisdiction by granting federal district courts with "original and exclusive jurisdiction of all cases under title 11." Thus, at present, the bankruptcy court's "related to" jurisdiction also includes the district court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 "over all other claims that are so related to claims in the action within the [court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

-13-

*Id.* at 868-69. *See also Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir. 2005) ("This circuit has applied § 1367 to bankruptcy claims, even when the subject matter jurisdiction is based on "related to" bankruptcy jurisdiction."); *Klein v. Civale & Trovato (In re Lionel Corp.)*, 29 F.3d 88, 92 (2nd Cir. 1994) (stating summarily that "[t]he bankruptcy court had jurisdiction over the Owners' claims against CTI under principles of supplemental jurisdiction."). As is evident by the above-quoted passage, the finding that the bankruptcy court can exercise supplemental jurisdiction under § 1367 is conclusory.[4] Indeed, cases that do attempt an in-depth analysis go to great lengths to write-in an express grant of § 1367 jurisdiction to the bankruptcy court when no textual language supports that conclusion. *E.g.*, *Hospitality Ventures/LaVista v. Heartwood 11, L.L.C. (In re Hospitality Ventures/LaVista)*, No. 01-88200, 2007 Bankr. LEXIS 39 (Bankr. N.D. Ga. Jan. 3, 2007) (determining that a district court would have § 1367 jurisdiction over claims related to an action brought under its § 1334(b) jurisdiction, and that giving "proper regard for Congressional intent" that jurisdiction is referred to the bankruptcy court under § 157 such that the bankruptcy court had § 1367 jurisdiction over a claim that was related to a core matter even though the supplement claim would fail Circuit precedent adopting *Pacor's* conceivable effects test). Not only does such a position lack textual support, it is also unsupported by the legislative history. Block-Lieb, 62 Fordham L. Rev. at 609 n.486 ("[N]othing in the legislative history of the Judicial Improvements Act of 1990 indicates an intent to empower bankruptcy courts to exercise the supplemental jurisdiction granted in § 1367(a).").

In sum, based on the alleged facts of this case, the Debtor's State law cause of action for inappropriate contacts by a debt collector when the Debtor is represented by an attorney belongs in the State court, or perhaps even the federal district court, because this court is without jurisdiction to adjudicate a dispute that – under the *Pacor* "related to" jurisdictional test as adopted by the Fourth Circuit – will have no effect on the Debtor's bankruptcy estate, and for which no binding authority exists that authorizes this court to exercise § 1367 supplemental jurisdiction.

---

[4] The court also expresses doubt concerning whether or not the determination of the amount of indebtedness in an exception of discharge proceeding is unrelated to the bankruptcy case pursuant to 28 U.S.C. § 1334(b), inasmuch as the bankruptcy court must determine that a debt exists before that debt can be subject to an exception to discharge action.

## III. CONCLUSION

For the above-stated reasons set forth above, the court will dismiss the Debtor's State law causes of action as either being preempted by the remedies provided in the Bankruptcy Code, or as being outside the scope of this court's subject matter jurisdiction. The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021.

-15-